**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA UKIRU, | No. 13-55722 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01667-VAP |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

1

Angela Ukiru[1] appeals the district court's order dismissing her claims relating to the foreclosure of her property for failure to state a claim. We review de novo, *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012), and affirm.

The district court properly dismissed plaintiff's equitable claims for relief—including her claims to set aside the trustee's sale, to cancel the trustee's deed, to quiet title, and for wrongful foreclosure—due to plaintiff's failure to allege credible tender. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971). Despite plaintiff's contention, no exception to the tender rule applies here. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-41 (Ct. App. 2011). Thus, the challenged foreclosure sale, presumptively valid based on recitals within the deed of trust, was subject to the equitable requirement of tender. *See Ram v. OneWest Bank, FSB*, 183 Cal. Rptr. 3d 638, 650 (Ct. App. 2015). The conclusory and unsupported allegation within plaintiff's amended complaint asserting that she was "ready and willing" to cure default was insufficient to satisfy this requirement or

---

[1] The incorrect spelling "Angeal" is used in the case caption throughout. The Clerk shall amend the caption to reflect the correct spelling of appellant's name.

otherwise demonstrate the financial wherewithal to redeem her property.[2] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

Plaintiff's failure to allege credible tender is equally fatal to her Unfair Competition Law Claim ("UCL") and fraud claims. The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To establish standing under the UCL's fraud prong, a plaintiff must demonstrate actual reliance on the alleged misrepresentations. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 888 (Cal. 2011).[3] Plaintiff's claims for fraud and negligent misrepresentation required a similar showing. *Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1136 (Cal. 2009). Thus, without adequately pleading tender, plaintiff failed to show the requisite causal connection between the alleged misrepresentations and her failure to take positive steps to avoid foreclosure; that

---

[2] Moreover, plaintiff's amended complaint and argument below failed to overcome an admission in her original complaint suggesting she lacked adequate financial resources to cure default. *See Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995).

[3] This requirement applies "equally to the 'unlawful' prong of the UCL, when . . . the predicate unlawful conduct is misrepresentation." *Hale v. Sharp Healthcare*, 108 Cal. Rptr. 3d 669, 679 (Ct. App. 2010).

3

is, by failing to allege credible tender, plaintiff's amended complaint failed to demonstrate it was defendants' conduct, rather than her own inability to cure, that resulted in the loss of her home.

The district court did not err in dismissing non-appearing defendants Titanium Solutions and Cal-Western Reconveyance Corporation as they were in a similar position to that of moving defendants and therefore were properly dismissed based on the facts and law presented. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008).

Finally, the district court did not abuse its discretion in denying plaintiff leave to file a second amended complaint. Because the district court provided plaintiff several opportunities to cure highlighted deficiencies, both through initial amendment and oral argument below, the district court properly concluded any additional amendment would prove futile. *See Hernandez*, 666 F.3d at 636.

Accordingly, the district court's dismissal of the amended complaint is **AFFIRMED**.

4